Derbigny, J.
delivered the opinion of the court. In a former case, that of Rogers vs. Beiller, tried before this court in June, 1815, 3 Martin, 665, it was questioned whether the office of special administrator of certain vacant estates, created in 1804, by an ordinance of the person then acting as governor-general and in-tendant of Louisiana, ever had any legal existence ; and, if so, whether it stood unrepealed. This court decided both these questions in the affirmative. It is now asked whether the two-visions of that ordinance extend to the estates of the citizens of this state, who happen to die in the city of New-Orleans, before having resided there two years.
The expressions of the ordinance are these: " whenever any person, who shall not have resided in this city for more than two years, shall die intestate," &c.
The plaintiff contends, that the words " any person," are so comprehensive, that they exclude the idea of exception, and must inevitably embrace all descriptions of persons, no matter *360 from whence they came to the city of New-Orleans. In support of that position, he relies on this general rule, that "whenever a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Civ. Code, 4, art. 13.
Surely, if the words " any person," were taken separately, without attending to the sense of the whole law, and to the connection of its different parts, they would be applicable, indiscriminately, to every body. But, when the whole disposition is considered together, they are found to be circumscribed within more narrow limits.
The estate of an individual dying at New-Orleans, before having resided there two years, is to be disposed of according to the ordinance. But, after a residence of two years, what is to be done with it? The answer is, that it shall then be governed by the general laws of the country, the laws which prevail throughout the state, and are enjoyed, as well by the inhabitants of its remotest corner, as by those of its capital. Now, can the citizen of any part of the state lose, even fur a moment, the benefit of those laws by coming to New-Orleans? The position is untenable. And will he, after a residence of two years in the city, be restored to *361 the enjoyment of those laws? This does not seem to admit of serious inquiry.
Morse for the plaintiff, Moreau for the defendant.
The ordinance then, though perhaps wanting in explanation, shews itself sufficiently to he intended for persons coming to New-Orleans from abroad, not for the citizens of Louisiana.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, the costs to be supported by the estate.